Robert MOTTL, Individually and on Behalf of a Class of all Others Similarly Situated, Appellant,

v.

MISSOURI LAWYER TRUST AC-COUNT FOUNDATION, et al.; Hon. Stephen N. Limbaugh, Jr.; Hon. Duane Benton; Hon. William Ray Price, Jr.; Hon. Ronnie L. White; Hon. Michael A. Wolff; Hon. Laura Denvir Stith; and Hon. Richard B. Teitelman, Respondents.

No. WD 63130.

Missouri Court of Appeals, Western District.

March 23, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2004.

Application for Transfer Denied May 25, 2004.

Mark D. Mittleman, St. Louis, MO, for appellant.

Charles A. Weiss, St. Louis, MO, for respondent, MO Lawyer Trust Account.

Karen K. Mitchell, Paul R. Maguffee, Dustin J. Allison, Jefferson City, MO, for respondents, Limbaugh, Benton, Price, White, Wolff, Stith, and Teitelman.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JAMES M. SMART, JJ.

ROBERT G. ULRICH, Judge.

Robert Mottl appeals the judgment of the trial court dismissing with prejudice

his class action petition against Missouri Lawyer Trust Account Foundation and the Honorable Stephen N. Limbaugh, Jr., the Honorable Duane Benton, the Honorable William Ray Price, Jr., the Honorable Ronnie L. White, the Honorable Michael A. Wolff, the Honorable Laura Denvir Stith, and the Honorable Richard B. Teitelman, the judges of the Supreme Court of Missouri. Mr. Mottl's petition alleged that Missouri Supreme Court Rule 4–1.15, which established Missouri's Interest on Lawyers' Trust Accounts program, effects a taking of his private property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The trial court dismissed the petition finding that it failed to state a claim upon which relief can be granted. Because the generation and transmission of IOLTA interest does not constitute state action, the judgment of the trial court is affirmed.

## Facts

Supreme Court Rule 4–1.15 is a provision of the Rules of Professional Conduct that governs the safekeeping of property. Subsections (d) through (g) of the Rule govern Missouri's Interest on Lawyers' Trust Accounts (IOLTA) program, which allows a lawyer holding client funds that are so small in amount or held so briefly that they cannot earn net interest for the client to pool those funds with others like them and distribute the interest from the pooled account to the Missouri Lawyer Trust Account Foundation (the Foundation).[1] The Foundation, in turn, supports legal services for the poor. Rule 4–1.15 Supplemental Missouri Comment.

Mr. Mottl filed his petition on December 19, 2002, alleging that his lawyer, Robert Heggie, deposited $3,600 of his funds in an IOLTA account, that he did not desire to have his funds deposited into such account, and that the Foundation collected all the interest from the pooled IOLTA account into which his funds had been deposited. Mr. Mottl further alleged that the transfer of the IOLTA account interest to the Foundation was a taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Mr. Mottl, therefore, sought a declaration that the Foundation's and Supreme Court judges' retention and use of earnings on IOLTA funds is an unconstitutional taking of private property without just compensation, and injunctive and monetary relief for himself and a class of other clients whose funds had been placed into IOLTA accounts by Missouri lawyers.

The Foundation and the Supreme Court judges filed motions to dismiss on February 14, 2003, arguing that because participation in the IOLTA program is volun-

1. Rule 4–1.15 provides in pertinent part:

> (d) Except as provided in paragraph (e), a lawyer or law firm shall establish and maintain one or more interest-bearing insured depository accounts into which shall be deposited all funds of clients or third persons that are nominal in amount or are expected to be held for a short period of time, but only in compliance with the following provisions:
>
> * * * * *
>
> (2) only funds of clients that are nominal in amount or are expected to be held for a short period of time and on which interest

> is not paid to clients may be deposited in such account . . .;
>
> * * * * *
>
> (4) the depository institution shall be directed by the lawyer or law firm establishing such accounts:
>
> (i) to remit at least quarter-annually earnings from such account, net of any service charges or fees as computed in accordance with the institution's standard accounting practice, to the Missouri Lawyer Trust Account Foundation, which shall be the sole beneficial owner of the interest or earnings generated by such account.

tary, the deposit of client funds in an IOLTA account and the transfer of interest from the account to the Foundation do not involve state action, an element required for Mr. Mottl to establish a constitutional violation.[2] Thereafter, Mr. Mottl moved to stay argument and hearing on the motions pending the decision of the United States Supreme Court in a case involving a takings challenge to the Washington State IOLTA rule. Following the decision in March 2003 in *Brown v. Legal Foundation of Washington*, 538 U.S. 216, 123 S.Ct. 1406, 155 L.Ed.2d 376 (2003), which upheld the constitutionality of the Washington rule, the Supreme Court judges filed a supplemental memorandum in support of their motion to dismiss arguing that Rule 4–1.15 was the same as the Washington rule in all material respects.

After a hearing, the trial court entered its order and judgment dismissing Mr. Mottl's petition for failure to state a claim upon which relief can be granted. It ruled that because Rule 4–1.15, like the Washington rule at issue in *Brown*, permits client funds to be placed in an IOLTA account only when they would not be capable of earning net interest for the client, the Rule does not impose any loss on a client and, thus, the compensation due for any taking would be zero. Additionally, the trial court ruled that because of the voluntary nature of Missouri's IOLTA program, Mr. Mottl could not satisfy the state action requirement necessary to show a constitutional violation. This appeal by Mr. Mottl followed.

## Standard of Review

■ A motion to dismiss for failure to state a cause of action attacks the adequacy of the plaintiff's petition. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001)(quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993)). The petition is reviewed in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in the case. *Id.* (quoting *Nazeri*, 860 S.W.2d at 306).

■ An order granting a motion to dismiss is reviewed de novo. *Long v. Cross Reporting Serv., Inc.*, 103 S.W.3d 249, 252 (Mo.App. W.D.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 471, 157 L.Ed.2d 374 (2003). All factual allegations are assumed to be true, and the allegations are construed favorably to the plaintiff. *Id.* The petition is reviewed to determine whether it invokes principles of substantive law and whether the facts alleged, if proven, would entitle the plaintiff to relief. *Id.* (quoting *In re Swearingen*, 42 S.W.3d 741, 746 (Mo.App. W.D.2001)).

## Points On Appeal

Mr. Mottl raises two points on appeal. First, he claims that the trial court erred in ruling that *Brown* compels dismissal of the case because, unlike the Washington rule at issue in *Brown*, Rule 4–1.15 does not unambiguously forbid the deposit into IOLTA accounts of client funds that could earn net interest. Thus, argues Mr. Mottl, the plaintiffs are entitled to a trial on the issue of whether any "just compensation" is due. Second, Mr. Mottl claims that the trial court erred in ruling that state action cannot be demonstrated due to the volun-

---

**2.** The Supreme Court judges' motion to dismiss also argued in the alternative that they were entitled to legislative immunity for promulgating the rule and that, if state action were found to be present in the case, Mr. Heggie, Mr. Mottl's lawyer, must be viewed as the state actor and joined as an indispensable party. Because the state action issue is dispositive in this case, these alternative arguments are not addressed.

tary nature of Missouri's IOLTA program. He argues that because the State enacted Rule 4–1.15 and designed the mechanism for the IOLTA program to take funds from accounts in regulated financial institutions, allocate those funds to the Foundation, and distribute the funds from the Foundation for the State's public purposes, the deposit of client funds into an IOLTA account and the subsequent transfer of interest from the IOLTA account to the Foundation were state action. Because the issue of state action is dispositive in this case, Mr. Mottl's first point is not addressed.

■■■ The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. *Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S.Ct. 2448, 2457, 150 L.Ed.2d 592 (2001). It is applicable to the states through the Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process. *Id.; Rendell–Baker v. Kohn,* 457 U.S. 830, 837, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). The Fourteenth Amendment applies to acts of the states, not to acts of private persons or entities, and is only offended by action of the state. *Rendell–Baker,* 457 U.S. at 837, 838, n. 6, 102 S.Ct. 2764. Similarly, 42 U.S.C. § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law. *Id.* at 838, 102 S.Ct. 2764; *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999). Like the "state action" requirement of the Fourteenth Amendment, the "under color of state law" element of a § 1983 action excludes merely private conduct no matter how discriminatory or wrongful.[3] *Id.* at 50, 119 S.Ct. 977 (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

■■■ State action requires both action taken pursuant to state law and significant state involvement. *Id.* at 50, n. 9, 119 S.Ct. 977. Specifically, state action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 50, 119 S.Ct. 977 (quoting *Lugar,* 457 U.S. at 937, 102 S.Ct. 2744). While the deposit of Mr. Mottl's funds into an IOLTA account and the transfer of interest earned on the account to the Foundation were authorized by Rule 4–1.15, thus satisfying the first requirement of the state action test, the inquiry does not end there. Rather, Mr. Mottl must also satisfy the second requirement, whether the allegedly unconstitutional conduct is fairly attributable to the State.[4] *Id.* (second re-

---

**3.** If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for § 1983 purposes. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295, n. 2, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001)(citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

**4.** Mr. Mottl contends that the trial court's application of the requirement of state action was incorrect in this case because the state officials who enforce the Rule are among the parties sued. "Where the defendant is a public official, the two elements of a § 1983 action merge." *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157, n. 5, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185 (1978). "The involvement of a state official ... plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment ... rights." *Id.* at 157, n. 5, 98 S.Ct. 1729. Al-

quirement of state action test must be satisfied even where plaintiff attempts to characterize his claim as a "facial" or "direct" challenge to a state law).

Analysis of the second requirement for state action begins with identifying "the specific conduct of which the plaintiff complains." *Id.* at 51, 102 S.Ct. 2744 (quoting *Blum,* 457 U.S. at 1004, 102 S.Ct. 2777). The acts of which Mr. Mottl complains, of which he contends constitutes a taking of his personal property without just compensation, are the acts of his attorney in depositing his funds into an IOLTA account and the subsequent transfer of interest earned on the account to the Foundation. The issue is whether these acts of private persons or entities are fairly attributable to the State.

▉▉▉▉▉ Mr. Mottl argues that because the *Supreme Court judges enacted Rule 4–1.15 creating the IOLTA program and are the primary influences on the actions of lawyers participating in the program through their control over the legal profession, a lawyer's deposit of client funds into an IOLTA account and the subsequent transfer of the interest to the Foundation are attributable to the State. "[A] State is responsible for the . . . act of a private party when the State, by its law, has compelled the act." *Flagg Bros.,* 436 U.S. at 164, 98 S.Ct. 1729 (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970)). That the State has "authorized" or "encouraged" the conduct by enacting a statute is insufficient to conclude that the conduct is

attributable to the State. *Sullivan,* 526 U.S. at 52–53, 119 S.Ct. 977; *Flagg Bros.,* 436 U.S. at 164–65, 98 S.Ct. 1729. Similarly, action taken by a private entity with the mere approval or acquiescence of the State is not state action. *Sullivan,* 526 U.S. at 52, 119 S.Ct. 977.

Unlike the Washington IOLTA program analyzed in *Brown,* which mandates participation, Missouri's program is voluntary. The Rule provides:

> A lawyer or law firm may elect to decline to maintain accounts as described in paragraph (d) by so notifying the Missouri Lawyer Trust Account Foundation in writing on or before January 31 of any year. A lawyer or law firm that does not so advise the Missouri Lawyer Trust Account Foundation shall be required to maintain such accounts.

Rule 4–1.15(f). Participation is not required, compelled, or coerced by the State. Rather, participation is authorized by Rule 4–1.15, resulting in, at best, mere approval or acquiescence by the State. Because of the voluntary nature of the IOLTA program, the decision to participate is in the hands of the attorney or law firm and ultimately the client who selects his attorney. Thus, the acts of depositing client funds into an IOLTA account and the subsequent transfer of interest earned on the account to the Foundation are not attributable to the State.

*Brown* reinforces this holding. The Supreme Court noted that lawyers might mistakenly deposit client funds into an

---

though the Supreme Court judges are public officials, Mr. Mottl does not allege that their overt official involvement in the case or their joint participation with private persons or entities resulted in a taking of his private property without just compensation. Rather, Mr. Mottl alleges state action based on their creation and enforcement of Rule 4–1.15. Undoubtedly, the State is responsible for the

Rule, and the procedural scheme created by the Rule is the product of state action. *Lugar,* 457 U.S. at 938, 941, 102 S.Ct. 2744. The Rule is subject to constitutional restraints and properly may be addressed in a § 1983 action, however, if the second element of the state action test is met. *Id.* at 941, 102 S.Ct. 2744.

IOLTA account even though they could have generated net income for the client. *Brown,* 538 U.S. at 239, 123 S.Ct. 1406. Doing so, however, would be contrary to the Washington Supreme Court rule, and "[a]ny conceivable net loss ... was the consequence of ... incorrect private decisions rather than any state action." *Id.* This reasoning supports the decision in this case that private decisions to deposit client funds into a Missouri IOLTA account destroy state action.

Because Mr. Mottl failed to plead facts showing that the challenged action is fairly attributable to the State, the trial court did not err in dismissing his petition. The judgment of the trial court is affirmed.

HOLLIGER, P.J. and SMART, J. concur.