GRINNELL MUTUAL REINSURANCE
COMPANY, Respondent,

v.

Cathy S. WALTERS, et al., Defendants,

John Best, Tammy Best, and Trenton
Best, a minor, Appellants.

No. SC 87199.

Supreme Court of Missouri,
En Banc.

June 30, 2006.

Benjamin S. Creedy, Susan K. Montee, Timothy J. Davis, St. Joseph, Ed G. Dougherty, Kansas City, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., David A. Johnston, Asst. Atty. Gen., Jefferson City, for movant.

Wendell E. Koerner, Jr., Kansas City, for respondent.

PER CURIAM.

Trevor and Trenton Best, John and Tammy Best's children, were passengers in a boat that collided with another boat piloted by William Logston. Trevor died and Trenton was injured. Logston was insured by Grinnell Mutual, which filed this interpleader action to determine the distribution of the insurance proceeds among the various claimants. Grinnell Mutual deposited the policy limits into the registry of the court. While the suit was pending, interest accumulated.

■ The parties eventually reached agreement on distribution of the insurance proceeds, and the accumulated interest, to at least 12 parties. The circuit clerk then claimed the accumulated interest pursuant

to section 483.310.[1] The court awarded the interest to the circuit clerk.

The Bests appeal, contending that section 483.310 is invalid as it deprives them of their property without just compensation contrary to the Fifth and Fourteenth amendments of the United States Constitution.[2]

■ It is only if a party fails timely to request investment of the funds under section 483.310 that the party fails to receive the interest. The action of nonstate parties is not state action, which is necessary to invoke the Fourteenth Amendment. The Bests failed to request investment of the funds. The judgment is affirmed.

### Discussion

Section 483.310 provides for the investment of registry funds.[3] If timely applica-

---

1. All statutory references are to RSMo 2000.

2. This Court has jurisdiction. *Mo. Const. article V, section 3.*

3. In pertinent part section 483.310 states:

1. Whenever any funds other than court costs collected and disbursed pursuant to subsection 2 of section 488.012, RSMo, are paid into the registry of any circuit court and the court determines, upon its own finding or after application by one of the parties, that such funds can be reasonably expected to remain on deposit for a period sufficient to provide income through investment, the court may make an order directing the clerk to deposit such funds as are described in the order in savings deposits in banks, savings and loan associations, credit unions, or in United States treasury bills and invest funds only in investments permitted by the state treasurer in article IV, section 15 of the Missouri Constitution. Deposits of such funds in any bank or savings and loan association shall not exceed the limits of the federal deposit insurance on accounts in such institution. Additional deposits in excess of FDIC, FSLIC and NCUSIF shall be secured by government securities or in accordance with the state treasurer's investment requirements in article

IV, section 15 of the Missouri Constitution. All such accounts shall be in the name of the "Clerk of the ......... Court as Trustee in ......... (Style and Cause Number)", the exact name to be prescribed in the court's order. The court may prescribe a bond or other guarantee for the security of the fund. Necessary costs, including reasonable costs for administering the investment, may be paid from the income received from the investment of the trust fund. The net income so derived shall be added to and become a part of the principal.

2. In the absence of such an application by one of the parties within sixty days from the payment of such funds into the registry of the court, the clerk of the court may invest funds placed in the registry of the court in savings deposits in banks, credit unions or savings and loan associations carrying federal deposit insurance to the extent of the insurance or in United States treasury bills and invest funds only in investments permitted the state treasurer in article IV, section 15 of the Missouri Constitution and the income derived therefrom may be used by the clerk for paying the premiums on bonds of employees of the clerk, rent on safety deposit boxes, subscriptions on publications available pursuant to section 477.235, RSMo, books and publica-

tion is made by one of the parties, the statute clearly declares, "The net income so derived shall be added to and become a part of the principal." *Section 483.310.1.* The statute is equally clear that the court clerk is entitled to the interest in "the absence of . . . an application by one of the parties within sixty days from the payment of such funds into the registry of the court." *Section 483.310.2.*

■ The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. *Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592. It is applicable to the states through the Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process. *Id.; Rendell–Baker v. Kohn,* 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The Fourteenth Amendment applies to acts of the states, not to acts of private persons or entities, and is only offended by action of the state. *Rendell–Baker,* 457 U.S. at 837, 838, n. 6, 102 S.Ct. 2764.

■ State action requires both action taken pursuant to state law and significant state involvement. Specifically, state action requires both: (1) an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible and (2) that the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Mottl v. Missouri Lawyer Trust Account Foundation,* 133 S.W.3d 142, 146 (Mo.App.2004).

Analysis of the second requirement for state action begins with identifying the specific conduct of which the Bests complain. They frame the issue as one where the interest earned on their principal was taken by the court clerk. In fact, a private party, Grinnell Mutual, deposited the principal into the court's registry. A second private party, the Bests, voluntarily chose to leave the funds in the registry and declined to seek investment of the funds and to claim the interest derived therefrom, despite ample opportunity to do so. It is only because of the Bests' failure to act that the interest earned on the registry proceeds was not available for distribution to them. That the interest remained with the clerk is not attributable to the state. *See Mottl* at 147–48.

The judgment is affirmed.

All concur.

tions of the Missouri Bar and books and other publications and materials published by the state of Missouri, printing of pamphlets or booklets of the rules adopted by the court or clerk and forms used in the court which comply with the statutes of the state of Missouri and the rules of the supreme court, copies of which shall be distributed to litigants and members of the bar practicing in the court, and other expenditures of the circuit clerk's office, and the balance, if any, shall be paid into the general revenue fund of the county, except that when provision is made in a coun-ty charter for the appointment of a court administrator to perform the duties of a circuit clerk or for the appointment of a circuit clerk by the court, such income may also be used for any expenditures of the court other than expenditures for travel or entertainment. If any application for the investment of such funds is filed by one of the parties after sixty days, an order may be entered providing for investment of funds as provided in subsection 1 of this section, and the clerk shall thereupon reinvest such funds within a reasonable time thereafter in accordance with the order.