**In the Matter of the CARE AND TREATMENT OF Timothy S. DONALDSON.**

**No. SC 87569.**

Supreme Court of Missouri, En Banc.

Feb. 13, 2007.

Nancy A. McKerrow, Emmett D. Queener, Office of the Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott and Michael W. Bradley, Asst. Attys. Gen., Jefferson City, for Respondent.

## PER CURIAM.[1]

### Introduction

The attorney general filed a petition to determine that Timothy S. Donaldson was a sexually violent predator. The matter was scheduled for trial.[2] An insufficient number of jurors remained after the potential jurors were questioned, and the court sustained Donaldson's motion for a mistrial.[3] The court did not try the case within 90 days after the mistrial. Donaldson filed a motion thereafter to dismiss, alleging that section 632.495 [4] required re-trial within 90 days. The court overruled the motion, finding the administration of justice required the continuance beyond the 90–day period. The court found Donaldson to be a sexually violent predator and committed him to the department of mental health.

In addition to his dismissal argument, Donaldson argues that his rights are violated: (1) by a change in the policy of when a petition is filed by persons participating in MOSOP [5] and (2) the admission into evidence that he suffers from antiso-

---

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Paul M. Spinden. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

2. A previous jury found Donaldson to be a sexually violent predator, but that decision was reversed on appeal for improper jury instruction in light of *In the Matter of the Care and Treatment of Thomas,* 74 S.W.3d 789 (Mo. banc 2002). This case concerns matters oc-

curring after remand of the case after that appeal.

3. For purposes of this opinion, and without deciding the matter, the trial court is assumed to have ordered a mistrial.

4. All statutory references are to RSMo Supp. 2004, unless otherwise specified.

5. Missouri Sexual Offender Program

cial personality disorder (ASPD). Finding no error, the judgment is affirmed.

### Do the Statutes Require a Retrial to Occur or be Scheduled Within 90 Days?

Section 632.495 states (emphasis added):

The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. If such determination that the person is a sexually violent predator is made by a jury, such determination shall be by unanimous verdict of such jury.... If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court shall direct the person's release. Upon a mistrial, the court shall direct that the person be held at an appropriate secure facility, including, but not limited to, a county jail, until another trial is conducted.... *Any subsequent trial following a mistrial shall be held within ninety days of the previous trial, unless such subsequent trial is continued as provided in section 632.492.*

Section 632.492 reads: "The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced."

■ In construing statutes, a court ascertains the intent of the legislature from the language used and gives effect to that intent. *Bachtel v. Miller County Nursing Home Dist.,* 110 S.W.3d 799, 801 (Mo. banc 2003). The statutes in this case do not require the judge to enter an order of continuance within any specific time period; in fact, they assume the case may be continued beyond the 90-day limit. The statutes only require that the court proceed in the due administration of justice and protect against substantial prejudice to respondent.

■ Donaldson notes that under the uniform mandatory disposition of detainers law, if the time limits for disposing of the detainer are not met, the court loses jurisdiction of the case. But this result is explicitly prescribed by section 217.460, RSMo 2000:

If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Similarly, the interstate agreement on detainers law explicitly requires dismissal with prejudice if certain conditions are not met. *Section 217.490,* RSMo 2000. These sections amply demonstrate the legislature's ability to specify that dismissal is required if a time limit is not met. The absence of similar language in sections 632.492 and 632.495 negates finding any similar legislative intent to require dismissal if the 90-day time limit in these statutes is not met.

In this case there is no allegation that Donaldson was substantially prejudiced. The court specifically continued the case due to the administration of justice. The statutes require no more.

### Did Donaldson's Current Participation in MOSOP Prevent His Referral to the Attorney General for Civil Commitment?

■ The department of corrections was developing an operating regulation concerning the referral of offenders to the attorney general for commitment as a sexually violent predator. Prior to the finalization of the regulation, the department

did not refer offenders participating in MOSOP to the attorney general. Donaldson argues he has a liberty interest precluding his referral to the attorney general while he was participating in MOSOP. There is no such liberty interest.

■ A liberty interest arises if a policy contains specific substantive predicates and explicitly mandatory language. *Ingrassia v. Purkett*, 985 F.2d 987, 988 (8th Cir.1993). In this case, the sexually violent predator act was enacted in 1998, to be effective January 1, 1999. A draft of a department of corrections policy to comply with the new act was dated December 17, 1998, and circulated for comment. The draft policy with respect to those in MOSOP stated that those failing, refusing or terminated from MOSOP and having exhausted all opportunities to complete MOSOP would be referred to the attorney general. Until July 1999, the department did not refer a person successfully completing MOSOP to the attorney general. In July 1999, that policy changed, so that offenders were subject to referral to the attorney general even if they had successfully completed MOSOP. Donaldson did not complete MOSOP until 2000.

There are no specific substantive predicates and explicitly mandatory language with respect to excluding Donaldson from referral because he was participating in MOSOP. At most, the draft policy only excluded those who had successfully completed MOSOP; Donaldson did not successfully complete the program prior to the department's change in its referral criteria.[6] Donaldson essentially claims that the department could not change its criteria. A vested right must be something more than a mere expectation based

upon an anticipated continuance of existing law. *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006).

## Should Evidence of Donaldson's Antisocial Personality Disorder Have Been Admitted?

In his final point on appeal, Donaldson argues that the court abused its discretion in admitting evidence that he suffers from antisocial personality disorder (ASPD) because ASPD does not meet the statutory requirement of "mental abnormality" in that it does not distinguish a condition specifically predisposing a person to commit a sexually violent offense from a personality disposed to criminal conduct in general.

■ The trial court has broad discretion to admit and exclude evidence at trial. An appellate court will reverse only for an abuse of that discretion. *State v. Edwards*, 116 S.W.3d 511, 532 (Mo. banc 2003). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion. *In re: Care and Treatment of Spencer*, 123 S.W.3d 166, 168 (Mo. banc 2003).

■ The trial court did not abuse its discretion in admitting evidence that Donaldson suffers from ASPD. ASPD can be a mental abnormality under section 632.480(2) if it is linked with sexually violent behavior. *In the Matter of the Care*

---

**6.** During a prior incarceration Donaldson had successfully complete MOSOP. Upon release, however, he committed another sex crime; therefore, he was not considered to have suc-

cessfully completed the program under the terms of the department's referral criteria until the completion of the program in 2000.

*and Treatment of Mark Murrell,* 215
S.W.3d 96, 2007 WL 465932 (Mo. banc
2007) (No. SC87804, decided February 13,
2007). In this case, the attorney general
presented evidence that Donaldson's
ASPD included an element of sexual sad-
ism. Sadism is a mental abnormality in-
volving a propensity to commit sexual of-
fenses and provided sufficient evidence of
the requisite link between ASPD and sexu-
ally violent behavior.

### Conclusion

The judgment is affirmed.

All concur.