DON E. BURRELL, J.
Stephanie ("Stephanie") and Jared Carr, husband and wife ("Plaintiffs"), appeal the portions of a September 2016 judgment ("the judgment") entered in favor of Ferrell-Duncan OBGYN Clinic ("Defendant") after a jury trial.[1] While the jury returned a verdict in favor of Plaintiffs for personal injuries Stephanie sustained when a Mirena IUD was negligently left in her abdomen for eight years, it found in favor of Defendant on three wrongful death claims Plaintiffs had asserted for three miscarriages that occurred while the IUD was inside Stephanie's body.
In three points, Plaintiffs claim the trial court erred in: (1) admitting the results of certain chromosomal tests into evidence; (2) excluding an un-redacted requisition form used to obtain the chromosomal testing ("the requisition form"); (3) excluding designated portions of deposition testimony given by Dr. David Smid, Dr. Kristy McCall, Dr. Karine Hovanes, and Steven Brown; and (4) admitting a redacted version of the requisition form into evidence. Finding no abuse of discretion by the trial court in any of these evidentiary rulings, we affirm.
Standard of Review
"A trial court enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal." State v. Mayes , 63 S.W.3d 615, 629 (Mo. banc 2001). A trial court abuses its discretion when its "ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." In re Care and Treatment of Donaldson , 214 S.W.3d 331, 334 (Mo. banc 2007). "If reasonable people can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion." Id.
An erroneous evidentiary ruling calls for reversal only when it affects the outcome of the case. Lozano v. BNSF Ry. Co. , 421 S.W.3d 448, 452 (Mo. banc 2014). "The exclusion of evidence which has little, if any, probative value is usually held not to materially affect the merits of the case and hence, error in rejecting such evidence is not grounds for reversal." Lewis v. Wahl , 842 S.W.2d 82, 85 (Mo. banc 1992).
Background
Stephanie had three miscarriages (in June 2009, November 2009, and May 2011). The last two miscarriages required *363 the performance of a dilation and curettage procedure, which Dr. McCall performed on each occasion. After each of these procedures, Dr. McCall collected tissue from Stephanie and sent it from the operating room to the lab at Cox Health. At the lab, two representative tissue samples were taken and preserved in paraffin blocks. In April 2015, after Plaintiffs filed suit, Cox Health's Director of Risk Management, Steven Brown, requested that Cox Health's Laboratory Director, Dr. David Smid, send the tissue to CombiMatrix in Irvine, CA for chromosomal testing. CombiMatrix's Laboratory Director, Dr. Karine Hovanes, conducted the chromosomal testing and returned the results to Cox Health. On April 22, 2015, Defendant's attorney received the results from Cox Health and disclosed them to Plaintiffs' attorney. Defendant presented the chromosomal testing evidence at trial on the issue of what caused the miscarriages.
Analysis
Point 1-No Error in Admitting Chromosomal Results
Plaintiffs claim the trial court erred in admitting the results of the chromosomal testing because it was performed illegally, improperly, and in violation of Stephanie's constitutional right to privacy. Even if we assume that the evidence was obtained illegally-a finding we do not make-the claim fails because admitting evidence illegally obtained by a non-state actor in a civil case is not prohibited.
Generally, "[i]n civil cases, the manner in which evidence is obtained is irrelevant to the issue of admissibility." Matter of Moore , 885 S.W.2d 722, 727 (Mo. App. W.D. 1994). Thus, evidence that is otherwise admissible will not be excluded because it has been obtained fraudulently, wrongfully, or illegally unless there is an applicable constitutional or statutory restriction. Herndon v. Albert , 713 S.W.2d 46, 47 (Mo. App. E.D. 1986).[2] Here, Plaintiffs cite no constitutional or statutory restriction on the admission of evidence of chromosomal testing.[3] Rather, they argue that because Stephanie had protections under the Act and unidentified "constitutional privacy rights" that were violated, the trial court erred "in allowing unconstitutionally obtained evidence to reach the jury." Plaintiffs mistakenly rely on two cases discussing, but not applying, an exception that applies "where the evidence has been obtained by a search and seizure in violation of the constitution[.]" Diener v. Mid - Am. Coaches, Inc. , 378 S.W.2d 509, 511 (Mo. 1964) (plaintiff lacked standing to complain about blood taken from another body); see also Plater v. W.C. Mullins Const. Co. , 17 S.W.2d 658, 668 (Mo. App. K.C.D. 1929) (exception "not involved" where physician examined plaintiff). That exception does not apply here because the evidence Plaintiffs sought to exclude was not obtained by a state actor.
The Constitution places such limits only on individuals acting on behalf of the government.
*364 State ex rel. Riederer v. Coburn , 830 S.W.2d 427, 430 (Mo. App. W.D. 1991). "[S]tate action requires both: (1) an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible and (2) that the party charged with the deprivation must be a person who may fairly be said to be a state actor." Grinnell Mut. Reinsurance Co. v. Walters , 194 S.W.3d 830, 832 (Mo. banc 2006).
Here, Stephanie claims that her constitutional right to privacy was violated by Defendant, not by someone acting on behalf of the State. Therefore, the exception identified in Plater and Diener does not provide a basis for excluding the challenged evidence in this case. Point 1 is denied.[4]
Point 2-No Error in Excluding Designated Deposition Testimony
Plaintiffs' second point improperly aggregates claims that should have been set forth in separate points: the trial court erred in excluding the requisition form and erred in excluding designated portions of deposition testimony given by Drs. McCall, Hovanes, Smid, and "Cox Health risk manager, Steven Brown" because the requisition form shows "the false and fraudulent statements made in obtaining testing of Plaintiffs' unborn children in that the excluded evidence calls into question the reliability of those test results that formed the basis of the causation defense."[5] We exercise our discretion to review the defective point ex gratia.[6]
Plaintiffs' second point does not challenge the testing process itself; instead, it claims that (unidentified) false statements in the requisition form called into question the reliability of the test results. Plaintiffs' argument supporting the point repeats this assertion several times, but it fails to explain how any deposition testimony excluded by the trial court would support Plaintiffs' claim that false statements in the requisition form "call[ed] into question the reliability" of the test results. Because Plaintiffs bear the burden of demonstrating prejudicial error on appeal, Nash v. Plaza Elec., Inc. , 363 S.W.2d 637, 641 (Mo. 1962), their failure to do so is fatal to their claim. Point 2 is denied.
Point 3-No Error in Admitting a Redacted Version of the Requisition Form
Plaintiffs' third point claims the trial court erred in admitting a redacted *365 version of the requisition form because it "misled the jury into believing the testing had been appropriately ordered in that the altered form affirmatively bolstered the credibility and reliability of the testing of fetal tissue."
The rule of completeness provides that when either party introduces part of an act, occurrence, transaction, or statement, the opposing party may introduce or inquire into other portions of the whole in order to rebut adverse inferences that "might arise from the fragmentary or incomplete character of the evidence introduced by his adversary."
State v. Graham , 529 S.W.3d 363, 366 (Mo. App. E.D. 2017) (quoting State ex rel. Kemper v. Vincent , 191 S.W.3d 45, 50 (Mo. banc 2006) ).
The purpose of this rule is to prevent evidence from being misinterpreted due to its being presented without relevant context. State v. Ellis , 512 S.W.3d 816, 826 (Mo. App. W.D. 2016). Thus, the rule of completeness only applies when: (1) the item sought to be introduced is part of a greater whole; and (2) the parts introduced to complete the whole ... relate to the same subject matter as that which has been admitted. Id. This rule is only violated when a statement is admitted in an edited form and there is a distortion of the meaning of the statement or an exclusion of information that is substantially exculpatory to the declarant. State v. Collier , 892 S.W.2d 686, 695 (Mo. App. W.D. 1994).
Here, the trial court admitted into evidence Defendant's Exhibit 364-a redacted version of the requisition form used to obtain the chromosomal testing at issue in this case. The redactions included: the referring physician; the genetic counselor/clinical contact; the billing information; the reference laboratory; and "recurrent pregnancy loss" as the reason for the miscarriage analysis test.
Once again, Plaintiffs have failed to explain how these redactions distorted the meaning of the requisition form or excluded information substantially exculpatory to Plaintiffs. Dr. Hovanes, the laboratory director of CombiMatrix, testified that the redacted portions of the requisition form had no bearing on the validity of the test results. Dr. Hovanes testified that the chromosomal tests are not tested differently based on who the tissue is sent from and that the same chromosomal testing would have been performed even if the name for the genetic counselor or clinical contact was omitted. Additionally, Dr. Hovanes testified that why the testing is being done has no impact because the test is performed the same way each time. Finally, Dr. Hovanes testified that there was nothing to question in regard to the results of the chromosomal tests, and the tests were reliable.
Plaintiffs have failed to explain why redacting the above-identified portions of the requisition form "bolstered the credibility and reliability" of the chromosomal testing results. As a result, they have failed to demonstrate that the trial court's decision to admit the redacted version of the requisition form (and its refusal to admit the original) was an abuse of discretion and materially affected the merits of the case. Point 3 is also denied, and the judgment is affirmed.
MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

Because Plaintiffs share the same surname, we refer to Mrs. Carr by her first name solely for clarity's sake.

"It is well-established that the exclusionary rule requires that evidence obtained in violation of the fourth amendment cannot be used in a criminal proceeding against the victim of an illegal search and seizure." Riche v. Dir. of Revenue , 987 S.W.2d 331, 333 (Mo. banc 1999) (citing United States v. Calandra , 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) ). The Fourth Amendment does not itself require exclusion of the evidence, rather the exclusionary rule is "prudential rather than constitutionally mandated," with the purpose of "deter[ing] unlawful police conduct." Id. at 333, 334.

Plaintiffs argue that the Fetal Disposition Act, sections 194.375 et. seq. ("the Act") provides Stephanie with the "statutory right to control the disposition of the human fetal remains[,]" but they cite no part of the Act as requiring the exclusion of evidence relating to fetal remains upon a violation of the Act.

Because Defendant is not a state actor, we do not need to reach its argument that Stephanie provided such consent by means of a "Consent to Surgery or Other Procedure" in connection with her miscarriages that stated: "[t]issues or items removed from my body may be tested. They will be disposed of with respect."

The point does not identify the alleged "false and fraudulent statements made in obtaining [the genetic] testing[.]" From the argument following the point, we learn that the statements related to a false reason given for why the tests were being obtained. Any impropriety involved in obtaining the genetic testing did not provide a legal reason for excluding the test results for the reasons set forth in our resolution of Plaintiffs' first point. The argument that follows the point also claims that Defendant failed to prove that the genetic testing was conducted on the tissue taken from Stephanie's body. Because this "chain of custody" argument is not contained in the point relied on, it "is not properly before us, and we do not address it." Matt Miller Co. v. Taylor-Martin Holdings, LLC , 393 S.W.3d 68, 79 n.5 (Mo. App. S.D. 2012).

We address the refused deposition testimony here but will address the exclusion of the requisition form in our analysis of Plaintiffs' third point.